| Case No. | **CV 18-8801-DMG (KSx)** | Date | January 7, 2019 |
|---|---|---|---|
| Title | *Keith M. Fromm v. Wells Fargo Bank, N.A., et al.* | Page | 1 of 4 |

Present: The Honorable    DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS - ORDER RE PLAINTIFF'S MOTION TO REMAND [20] AND DEFENDANT'S MOTION TO DISMISS [18]**

On August 27, 2018, Plaintiff Keith M. Fromm, a California resident, filed a Complaint in Los Angeles County Superior Court against Defendant Wells Fargo Bank, N.A., a national banking institution that has its main office in South Dakota, and Defendant First American Title Insurance Company, a company that has its corporate headquarters in California. Removal Notice, Ex. A at 3–120 [Doc. # 1-1].[1] The Complaint raises the following 13 causes of action: (1) civil extortion, (2) fraud, (3) treble damages under California Penal Code section 496, (4) damages under 12 U.S.C. section 2605, (5) breach of contract, (6) negligent misrepresentation, (7) negligence, (8) mail fraud under 18 U.S.C. section 1341, (9) wire fraud under 18 U.S.C. section 1343, *et seq.*, (10) violations of the Racketeer Influenced and Corrupt Organizations Act, (11) violations of California's Unfair Competition Law, (12) declaratory relief under California Code of Civil Procedure sections 1060 to 1062.5, and (13) injunctive relief and damages under California Civil Code sections 2924.12 and 2924.19 and California Code of Civil Procedure section 525 *et seq. Id.* at 3–4, 28–113. On October 12, 2018, Defendant Wells Fargo removed the action, invoking this Court's federal question and supplemental jurisdiction. Removal Notice at 1–6 [Doc. # 1].

On October 31, 2018, Defendant Wells Fargo moved to dismiss the Complaint. [Doc. # 18.] On November 11, 2018, Plaintiff moved for an order remanding the action to state court and awarding attorneys' fees. [Doc. # 20.] Both motions have since been fully briefed. [Doc. ## 25, 26, 29, 30, 35.] For the reasons discussed below, the Court **DISMISSES without prejudice** the Complaint's federal causes of action, **GRANTS** Plaintiff's motion only insofar as it seeks an order remanding the action to state court, **DENIES** the remainder of Plaintiff's motion, and **DENIES** Defendant's motion **without prejudice** as it is now **moot**.

The Court concludes that remand is proper only because Plaintiff offers to voluntarily dismiss all of his federal claims. None of Plaintiff's other arguments are persuasive. Defendant

---

[1] All page references herein are to page numbers inserted by the CM/ECF system.

UNITED STATES DISTRICT COURT   JS-6 / REMAND
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 18-8801-DMG (KSx) | Date | January 7, 2019 |
|---|---|---|---|
| Title | *Keith M. Fromm v. Wells Fargo Bank, N.A., et al.* | Page | 2 of 4 |

Wells Fargo did not violate 28 U.S.C. section 1446(a) by failing to attach Defendant First American's Disclaimer of Interest to the Removal Notice because there is no indication that First American served that filing on Wells Fargo. *See* 28 U.S.C. § 1446(a) ("A defendant or defendants desiring to remove any civil action from a State court shall file . . . a notice of removal . . . together with a copy of all process, pleadings, and orders *served upon such defendant or defendants in such action*." (emphasis added)); Pl.'s Mot., Ex. A at 38 (proof of service for the Disclaimer, which does not indicate that Wells Fargo was served) [Doc. # 20]. Even assuming that Wells Fargo should have obtained First American's consent prior to removal and served a copy of the Removal Notice on First American, any such defect was cured when First American later consented to the removal.[2] *See* First Am.'s Consent to Removal at 1–2 [Doc. # 15]; *Destfino v. Reiswig*, 630 F.3d 952, 957 (9th Cir. 2011) ("[A] procedural defect existing at the time of removal but cured prior to entry of judgment does not warrant . . . remand of the matter to state court." (quoting *Soliman v. Philip Morris Inc.*, 311 F.3d 966, 970 (9th Cir. 2002))). Plaintiff's assertion that Defendant Wells Fargo made certain misstatements on the civil cover sheet has no bearing on whether removal from state court was proper. *See* Pl.'s Mot at 17–20. Assuming without deciding that Plaintiff's state law claims raise novel or complex issues of state law and that they substantially predominate over his federal claims, *see* Pl.'s Mot at 20–27, he makes virtually no attempt to show that, on balance, the factors of "judicial economy, convenience, fairness, and comity" weigh in favor of severing the state-law claims from the federal causes of action. *See Satey v. JP Morgan Chase & Co.*, 521 F.3d 1087, 1091 (9th Cir. 2008) (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 351 (1988)); *see also Borges v. City of W. Palm Beach*, 858 F. Supp. 174, 177 n.5 (S.D. Fla. 1993) ("This Court recognizes . . . that under [28 U.S.C.] § 1367, there appears to be a strong presumption in favor of exercising supplemental jurisdiction.").

Plaintiff requests the dismissal without prejudice of all of his federal claims in the event that the Court is not otherwise convinced that remand is appropriate. *See* Pl.'s Mot. at 21, 27–28. The Court accepts Plaintiff's offer because there is no undue prejudice to Defendant Wells Fargo and there is no indication that the interests of judicial economy, convenience, fairness, and comity weigh in favor of exercising supplemental jurisdiction over the state-law claims. *See Stevedoring Servs. of Am. v. Armilla Int'l B.V.*, 889 F.2d 919, 921 (9th Cir. 1989) ("A motion for voluntary dismissal under Rule 41(a)(2) is addressed to the district court's sound discretion and the court's order will not be disturbed unless the court has abused its discretion. [¶] The purpose of the rule is to permit a plaintiff to dismiss an action without prejudice so long as the defendant will not be prejudiced, or unfairly affected by dismissal." (citations omitted)); *Satey*, 521 F.3d at 1091 ("[I]n

---

[2] Defendant First American later purported to revoke its consent to the removal. *See* First Am. Support of Pl.'s Mot. at 1–2 [Doc. # 29]. The Court declines to rule on the validity of that revocation as neither First American nor Plaintiff cite any authority for the proposition that a defendant may validly revoke such consent, once it is given.

UNITED STATES DISTRICT COURT  JS-6 / REMAND
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 18-8801-DMG (KSx)** | Date | January 7, 2019 |
|---|---|---|---|
| Title | ***Keith M. Fromm v. Wells Fargo Bank, N.A., et al.*** | Page | 3 of 4 |

the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." (alteration in original) (quoting *Cohill*, 484 U.S. at 350 n.7)).

The Court rejects Wells Fargo's contention that Plaintiff can simply reassert his federal claims upon remand because if he does, nothing prevents Wells Fargo from once again removing the action to this Court. *See* Def.'s Opp'n at 11–12; *see also* 28 U.S.C. § 1446(b)(3). The Court is also unpersuaded by Wells Fargo's contention that "[a] remand of Plaintiff's remaining state law claims would potentially force the state court to invest substantial resources addressing the very same issues already adjudicated by this Court" in *Linda Moravec Varga v. Wells Fargo Bank, N.A.*, CV 16-09650-DMG (KSx) (C.D. Cal.). *See* Def.'s Opp'n at 14. If, as Wells Fargo claims, the key legal issues in the two cases are substantially similar, then the state court can simply review *Varga*'s concise dispositive orders (which are 14 pages and 9 pages long, respectively) and determine whether they are persuasive. *See* Order re Def.'s Mot. to Dismiss First Am. Compl. at 1–14, *Linda Moravec Varga v. Wells Fargo Bank, N.A., et al.*, CV 16-09650-DMG (KSx) (C.D. Cal. Sept. 12, 2017) [Doc. # 31]; Order re Def.'s Mot. to Dismiss Second Am. Compl. at 1–9, *Linda Moravec Varga v. Wells Fargo Bank, N.A., et al.*, CV 16-09650-DMG (KSx) (C.D. Cal. Sept. 28, 2018) [Doc. # 44]. Therefore, the Court **DISMISSES** Plaintiff's fourth, eighth, ninth, and tenth causes of action **without prejudice** and **REMANDS** this action to state court.

Lastly, the Court concludes that Plaintiff is not entitled to attorneys' fees. Plaintiff may not obtain an award of fees under 28 U.S.C. section 1447(d) because, when Plaintiff moved to remand the action, the procedural improprieties of which he complains had already been remedied. *See* First Am.'s Consent to Removal at 1–2 [Doc. # 15]. Therefore, Wells Fargo's supposed "lack[] [of] an objectively reasonable basis" for believing that removal was proper did not cause Plaintiff to incur attorneys' fees. *See Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). In fact, this matter is being remanded only because Plaintiff elected to abandon his federal claims. Furthermore, even if Wells Fargo made certain "misrepresentations" in the course of removing the action and filing the civil cover sheet, *see* Pl.'s Mot. at 33, Plaintiff cannot recover attorneys' fees under Federal Rule of Civil Procedure 11 because he has not complied with the safe harbor provision, *see* Fed. R. Civ. P. 11(c)(2); *Holgate v. Baldwin*, 425 F.3d 671, 678 (9th Cir. 2005) ("We enforce [Rule 11's] safe harbor provision strictly.").

In light of the foregoing, the Court **DISMISSES without prejudice** the Complaint's fourth, eighth, ninth, and tenth causes of action, **GRANTS** Plaintiff's motion only insofar as it seeks an order of remand, **DENIES** the remainder of Plaintiff's motion, and **DENIES without**

UNITED STATES DISTRICT COURT   JS-6 / REMAND
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 18-8801-DMG (KSx) | Date | January 7, 2019 |
|---|---|---|---|
| Title | *Keith M. Fromm v. Wells Fargo Bank, N.A., et al.* | Page | 4 of 4 |

**prejudice as moot** Defendant Wells Fargo's motion to dismiss. The Court **REMANDS** this action to Los Angeles County Superior Court.

**IT IS SO ORDERED.**